

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILLIXXXXXXXX~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5483
Re: Whether Section 2 of House Bill No.
677, Acts of the Regular Session
of the 48th Legislature, repeals
Article 7047a, R. C. S.

We have received and considered your opinion request
of July 30, 1943, wherein you state:

"I shall thank you to advise this de-
partment whether Section 2, House Bill 677, Acts
of the Regular Session of the 48th Legislature,
repeals Article 7047a, R. C. S. 1925."

The Section in question reads as follows:

"Sec. 2. That subsection 7 of Article
7047 of the Revised Civil Statutes of the State
of Texas, 1925, as amended by Section 1 of House
Bill No. 251, Chapter 212 of the General Laws of
the Regular Session of the Forty-second Legisla-
ture, 1931, is hereby amended to read as follows:

"'7. Brokers and Factors. <u>From every
person, acting for himself or on behalf of
another, engaged in the business or occupa-
tion of a Broker or Factor, whether he is
principally engaged in such business or not,
there shall be collected Ten Dollars ($10.00)
per year.</u> A "broker" or "factor," for the
purpose of this subsection, is every person
who, for another and for a fee, commission
or other valuable consideration, rents, buys,
sells, or transfers, for actual spot or
future delivery, or negotiates purchases or
sales or transfers of stocks, bonds, bills
of exchange, negotiable paper, promissory
notes, bank notes, exchange, bullion, coin,
money, real estate, lumber, coal, cotton,
grain, horses, cattle, hogs, sheep, produce

and merchandise of any kind;  whether or not he receives and delivers possession thereof; provided that this subsection shall not apply to a salesman who is employed on a salary or commission basis by not more than one retailer, wholesaler, jobber, or manufacturer, nor shall this subsection apply to or be construed to include persons selling property only as receivers, trustees in bankruptcy, executors, administrators, or persons selling under the order of any Court, or any person who is included within the definition of any other occupation and is paying or subject to the payment of a tax under any other subsection of this Act;  however, this exemption shall not apply to any individual engaged in more than one occupation as defined by the other subsection of this Act.'"  (Emphasis ours).

Article 7047a provides:

"There shall be levied on and collected from every person, firm, corporation, or association of persons owning, operating, managing, controlling, or pursuing the business or occupation of any cotton exchange quotation service in this State, or furnishing quotations on the stock market on grain, cotton, or other commodities, or stocks and bonds, and who maintain an office or place of business, or branch office, and have a bulletin board or other means of furnishing quotations on the stock market, an annual State occupation tax of Two Hundred and Fifty ($250.00) Dollars, which shall be paid annually in advance, or as otherwise provided by law for the payment of occupation taxes, on each and every separate establishment, office, branch office, or place of business; provided, the tax herein levied shall be only One Hundred ($100.00) Dollars for each person, firm or corporation which is a member of only one commodity exchange;  provided, this Article shall not apply to any person, firm or corporation, or association of persons who furnish gratuitously market quotations to any person desiring the same and who are not engaged in the business of furnishing market quotations and without intent to solicit or accept orders for contracts, or contracts for future deliveries or sales of any commodity, stock or bonds; provided, further, any person, firm or corporation liable for a tax under this Article shall not be required to pay the tax under Sections 8 and

12 of Article 7047, but shall pay the tax pro-
vided by this Article; provided, further, each
county or city in which same is operated may
levy one-half the occupation tax herein provided
for in the manner now provided by Article 7048."
(Emphasis ours).

In no way does Section 2 of House Bill No. 677 ex-
pressly purport to repeal Article 7047a; neither do we think
that such repeal is accomplished by implication. As can readily
be seen, the two acts levy occupation taxes upon different
things: THe former affects, with certain exceptions, persons
"engaged in the business or occupation of a Broker or Factor";
the latter relates, again with stated exceptions, to persons or
associations "pursuing the business or occupation of any cotton
exchange quotation service" or "furnishing quotations on the
stock market on grain, cotton, or other commodities, or stocks
and bonds." No conflict can possibly exist between these two
acts, and without such a conflict a repeal by implication is
impossible. 39 Tex. Jur. ¶ 73. If the business of a broker
or factor be considered as being included within that of fur-
nishing stock exchange quotations, the underlined proviso to
Section 2 of House Bill No. 677 operates to harmonize the two
statutes and to make the business taxable only under Article
7047a. On the other hand, if the two businesses are considered
distinct but are conducted by the same individual, the one is
taxable under Section 2 of House Bill No. 677 and the other is
taxable under Article 7047a. In this situation no repeal by
implication is possible since the two acts and the taxes levied
therein relate to different subjects, and, as is said in 39 Tex.
Jur. ¶ 76:

"There can be a repeal by implication only
when two acts or statutory provisions are in pari-
materia, that is, when they treat of the same mat-
ters or their subject and object are the same."

Consequently, you are respectfully advised that Section 2 of
House Bill No. 677 in no way operates to repeal Article 7047a.

Trusting that the foregoing fully answers your in-
quiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/R. Dean Moorhead
R. Dean Moorhead
Assistant

RDM:fo:wc


APPROVED AUG 6, 1943
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman